## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04-05548 |
| | ) | |
| SAGE ENTERPRISES, INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| HORACE FOX, not individually, but solely in his capacity as the Chapter 7 Trustee of the Bankruptcy Estate of Sage Enterprises, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. 05-02311 |
| PINNACLE FOODS GROUP, INC., f/k/a AURORA FOODS, INC., | ) ) ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Court upon the Motion of Horace D. Fox, the Chapter 7 Trustee for the estate of Sage Enterprises, Inc. (the "Debtor"), for Entry of Default Judgment Pursuant to Fed. R. Bankr. P. 7055 (the "Motion"); the Court finding that due and proper notice of the Motion has been given and that no other or further notice thereof is required; the Court having considered the Motion, the Declaration of Sara E. Lorber submitted in support of the Motion and the statements of counsel made in open Court; and after due deliberation and sufficient cause appearing therefor:

THE COURT HEREBY FINDS AND CONCLUDES:

A.  On March 3, 2004, Horace D. Fox (the "Trustee") was appointed as the Chapter 7 Trustee of the debtor's bankruptcy estate, and is duly-qualified and acting as such.

CHI 11041554.1

B.   On October 14, 2005, the Trustee initiated the above-captioned adversary proceeding (the "Adversary Case") by filing a complaint against Pinnacle Foods Group (the "Defendant") seeking to recover $5,581.35 in Preferential Transfers (as defined in the Motion).

C.   The Court has jurisdiction over the Adversary Case pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

D.   The Adversary Case is a core proceeding within the meaning of, *inter alia*, 28 U.S.C. § 157(b)(2)(F).

E.   Venue of this Adversary Case is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

F.   The Defendant is in default having failed to file an appearance in this Adversary Case or a pleading responsive to the complaint.

G.   On or within the ninety (90) days immediately prior to the petition date (the "Preference Period"), the Debtor made one or more transfers to the Defendant in an aggregate amount of $5,585.35 (the "Transfers").

H.   The Transfers are avoidable preferences under section 547(b) of the Bankruptcy Code in that the Transfers (i) were made to or for the benefit of the Defendant, (ii) were made on account of an antecedent debt owed by the debtor before such Transfers were made, (iii) were made while the debtor was insolvent, (iv) were made within the Preference Period, and (v) enabled the Defendant to receive more than it would have received under the Bankruptcy Code in the above-captioned bankruptcy case, had the Transfers not been made, and had the Defendant received payment of the subject antecedent debt to the extent provided under the provisions of the Bankruptcy Code.

CHI 11041554.1

I.  The Trustee is entitled to recover the Transfers pursuant to section 550 of the Bankruptcy Code.

J.  The Defendant is liable to the Trustee in the amount of $5,585.35.

K.  There is good cause to grant the relief requested in the Motion.

DATED: 4/3/06

_____
UNITED STATES BANKRUPTCY JUDGE

CH1 11041554.1